UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
—————————————————————————

WEILI CAO-BOSSA,

                                        Plaintiff,

                                                                1:18-cv-00509
v.
                                                                (GTS/TWD)

LINDSAY PULCHER AND
KATHLEEN A. ELFELDT,

                                        Defendants.
—————————————————————————

APPEARANCES:

WEILI CAO-BOSSA
Plaintiff, *pro se*
1912 E Country Club Dr.
Schenectady, NY 12309

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent to the Court for initial review the *pro se* complaint in this employment

discrimination action brought against Defendants Lindsay Pulcher and Kathleen A. Elfeldt,

pursuant to Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. §2000e, *et seq*.,

along with Plaintiff's application for leave to proceed *in forma pauperis* ("IFP application").

(Dkt. Nos. 1 and 2.)  Also before the Court is Plaintiff's motion for appointment of counsel.

(Dkt. No. 3.)

## I.      IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee

for commencing an action.  28 U.S.C. § 1915(a)(1).  The Court finds that Plaintiff has

demonstrated the requisite economic need to proceed with this matter *in forma pauperis*.

Therefore, Plaintiff's IFP application (Dkt. No. 2) is granted.

## II.     LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. §

1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case

at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the

complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).  "An action is frivolous when either: (1) the factual contentions are clearly baseless such

as when the claims are the product of delusion or fantasy; or (2) the claim is based on an

indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437

(2d Cir. 1998) (citations and internal quotation marks omitted).  Although extreme caution

should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse

party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*,

700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not

frivolous before permitting a plaintiff to proceed.  *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260

(2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua*

*sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to

state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation."  *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied*, 513 U.S. 836 (1994) (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted).  A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.    PLAINTIFF'S COMPLAINT

Plaintiff, who was formerly employed as a senior accountant trainee with the New York State Department of Labor ("NYSDOL"), alleges she was terminated based on her race, color,

and national origin.  (Dkt. No. 1 at 2.[1])  Plaintiff filed a complaint with the New York State

Public Employer Relations Board on April 13, 2017.  *Id*. at 4, 16.  She filed charges with the

New York State Division on Human Rights in June 2018 (sic).  *Id*.  Plaintiff has attached her

right-to-sue-letter from the U.S. Equal Employment Opportunity Commission ("EEOC"), dated

January 26, 2018.  *Id*. at 4, 15.

As relief, Plaintiff seeks back pay and benefits, along with other unspecified "costs and

damages."  *Id*. at 8.  For a complete statement of Plaintiff's claim, reference is made to the

complaint.

## IV.    ANALYSIS

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . .

. to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any

individual with respect to his [or her] compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, sex, or national origin."  42 U.S.C. §

2000e-2(a)(l).  To state a claim under Title VII, a plaintiff must plead a discrimination claim

"that is facially plausible and . . . give[s] fair notice to the defendant of the basis for the claim."

*Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (citation

omitted); *see also Iqbal*, 556 U.S. at 678.

Plaintiff has sued Pulcher and Elfeldt, who are individual employees of the NYSDOL.

However, it is well established that "individuals are not subject to liability under Title VII."

*Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *Patterson v. Cty. of Oneida, N.Y.*, 375

F.3d 206, 221 (2d Cir. 2004) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995)

---

[1]  Page references to documents identified by docket number are to the numbers assigned by the
CM/ECF docketing system maintained by the Clerk's Office.

("individuals with supervisory control over a plaintiff may not be held personally liable under Title VII.")).  Therefore, Plaintiff's complaint fails to state a claim against Pulcher and Elfeldt.

Plaintiff has not named her former employer, the NYSDOL, against whom she filed her EEOC complaint, as a defendant in this lawsuit.  (Dkt. No. 1.)  The NYSDOL is an agency of the State of New York.  *Jackson v. NYS Dept. of Labor*, 709 F. Supp. 2d 218, 225026 (S.D.N.Y. 2010).  The Supreme Court has held that Congress intended to abrogate the states' Eleventh Amendment immunity from suit under Title VII.  *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 449 n.2 (1976); *David v. State Univ. of N.Y.*, 802 F.2d 638, 640 n.1 (2d Cir. 1986) ("a state and its agencies have been subject to suit under Title VII since 1972 and have no Eleventh Amendment immunity").  Therefore, there is no constitutional impediment to the assertion of a Title VII claim against the NYSDOL, and the Court finds the NYSDOL to be the proper defendant in this case.

In light of the foregoing, the Court recommends Plaintiff be granted thirty (30) days from the date the District Court files its Order on this Court's Report-Recommendation within which to file an amended complaint naming her former employer, the NYSDOL, as defendant in this action.  Any amended complaint must be a complete pleading that supercedes the original complaint in all respects and does not incorporate by reference any portion of the original complaint.  The Court further recommends that upon the expiration of the thirty (30) days granted Plaintiff to file an amended complaint, the action be dismissed with prejudice as against Defendants Lindsay Pulcher and Kathleen A. Elfeldt pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) regardless of whether or not Plaintiff has filed an amended complaint.

## V.     PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also moved for appointment of counsel.  (Dkt. No. 3.)  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the Court in ruling upon such a motion.  As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance.  If so, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).  *Hodge*, 802 F.2d at 61-62).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61).

Where, as here, the complaint has not yet been served on the adverse party and they have not had the opportunity to respond to the plaintiff's allegations, courts routinely deny motions for appointment of counsel as premature.  *See Krebs v. Spitzer*, No. 9:08-CV-255 (NAM/DEP), 2008 WL 2003852, at *8 (N.D.N.Y. May 7, 2008); *Georges v. Cuomo*, No. 1:17-CV-1247 (TJM/DJS), 2017 WL 6816582, at *4 (N.D.N.Y. Dec. 11, 2017); *Georges v. Rathner*, No. 1:17-CV-1245 (BKS/DJS), 2017 WL 7244525, at * 3-4 (N.D.N.Y. Dec. 11, 2017); *see also Sidney v. Caron*, No. 9:09-CV-1326 (GTS/ATB), 2011 WL 4478556, at *1 n.1 (N.D.N.Y. Sept. 26, 2011).

Based on the above recommendation, Plaintiff's pleading must be amended to name her former employer as defendant.  Therefore, Plaintiff's motion for appointment of counsel is denied.  The denial is without prejudice so that Plaintiff will not be precluded from making a subsequent motion for appointment of counsel in the event the District Court allows this action to proceed or Plaintiff files an amended complaint that survives initial review.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**[2]; and it is further

**RECOMMENDED** that Plaintiff be **GRANTED** leave to file an amended complaint naming the New York State Department of Labor as defendant **within thirty (30) days** from the filing of an Order by the District Court on this Court's Report-Recommendation; and it is further

**RECOMMENDED** that at the expiration of the thirty (30) days granted Plaintiff to file an amended complaint, the action be **DISMISSED WITH PREJUDICE** against Defendants Lindsay Pulcher and Kathleen A. Elfeldt pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) regardless of whether or not Plaintiff has filed an amended complaint; and it is further

**ORDERED** that in the event Plaintiff files an amended complaint, the Clerk submit the amended complaint to this Court for initial review pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE**; and it if further

---

[2]  Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of all unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).


Dated: May 3, 2018
   Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2008 WL 2003852
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

[1] While in the caption of his complaint Krebs refers to himself as "plaintiff", elsewhere within the body of that pleading he refers to himself variously as plaintiff, petitioner, and plaintiff/petitioner. This interchange serves to highlight the uncertainty which, as will be seen, exists with respect to the nature of this action and the claims being asserted. For the sake of clarity I will refer to Krebs as the "plaintiff."

Larry KREBS, Plaintiff [1],
v.
Elliot SPITZER, et al., Defendants.

No. 9:08-CV-255.
|
May 7, 2008.

**Attorneys and Law Firms**

Larry Krebs, pro se.

### *ORDER*

NORMAN A. MORDUE, Chief Judge.

**\*1** The above matter comes to me following a Report-Recommendation by Magistrate Judge David E. Peebles, duly filed on the 14th day of April 2008. Following ten days from the service thereof, the Clerk has sent me the file, including any and all objections filed by the parties herein.

After careful review of all of the papers herein, including the Magistrate Judge's Report-Recommendation, and no objections submitted thereto, it is

ORDERED, that:

1. The Report-Recommendation is hereby adopted in its entirety.

2. The plaintiff's claims pursuant to state law, the Eighth Amendment, and the *ex post facto* clause are dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. The plaintiff is afforded the opportunity to choose to proceed with his remaining due process claims under *either* section 1983 or section 2254 as directed in the Report-Recommendation.

3. The Clerk of the Court shall serve a copy of this Order upon all parties and the Magistrate Judge assigned to this case.

IT IS SO ORDERED.

### *REPORT-RECOMMENDATION AND ORDER*

DAVID E. PEEBLES, United States Magistrate Judge.

The clerk has forwarded to the court a complaint, together with an application to proceed *in forma pauperis* and a motion for appointment of counsel, along with a properly executed inmate authorization form, all of which were submitted by plaintiff Larry Krebs, who is currently incarcerated at Shawangunk Correctional Facility in Wallkill, New York. Dkt. Nos. 1-3, 5. Plaintiff has not paid the statutory filing fee for this matter.

In his *pro se* complaint the plaintiff, who was convicted of manslaughter in the second degree, claims that his constitutional rights to due process and equal protection were violated during the course of his appearance before the New York State Board of Parole ("BOP"). According to the plaintiff, while he was initially granted parole following a hearing on December 13, 2005, that decision was later rescinded pursuant to a policy adopted by former New York Governor George Pataki, and adhered to by the defendants, to deny release to class-C nonviolent felony offenders based solely on the serious nature of the offense, without regard to consideration of rehabilitation and other relevant factors. *See, e .g.,* Complaint (Dkt. No. 1) at ¶¶ 112-14. Plaintiff claims that the defendants, in creating and following such a policy, have violated his constitutional rights. *Id.* Plaintiff also alleges that defendants' actions violated state law, his Eighth Amendment rights prohibiting cruel and unusual punishment, and the *ex post facto* clause of the United States Constitution. *Id.* at ¶¶ 8, 79, 93.

Case 1:18-cv-00509-GTS-TWD Document 5 Filed 05/03/18 Page 10 of 27
Krebs v. Spitzer, Not Reported in F.Supp.2d (2008)
2008 WL 2003852

As a result of these actions, plaintiff asserts claims under 42 U .S.C. § 1983 and additionally seeks habeas intervention pursuant to 28 U.S.C. §§ 2241 and 2254. Complaint (Dkt. No. 1) ¶¶ 95-96. As relief, plaintiff seeks injunctive and declaratory relief, as well as monetary damages in the form of reimbursement of his financial losses, additionally requesting release from prison because his parole was improperly rescinded in violation of the United States Constitution. *Id.* at pp. 33-34.

## I. *DISCUSSION*

### A. *In Forma Pauperis Application*

**\*2** After reviewing plaintiff's *in forma pauperis* application, I find that he may properly commence this action *in forma pauperis* because he has set forth facts establishing sufficient economic need. *See* Dkt. No. 2.

### B. *Complaint*

Since I have found that plaintiff meets the financial criteria for commencing this action *in forma pauperis,* I must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e). This section, which governs proceedings *in forma pauperis,* directs, in pertinent part, that "the court shall dismiss the case at any time if the court determines that-... (B) the action ...-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is the court's responsibility to determine whether a plaintiff may properly maintain his complaint in this district before the court may permit a plaintiff to proceed with an action *in forma pauperis. See* 28 U.S.C. § 1915(e)(2).

Moreover, under 28 U.S.C. § 1915A, a court must review any complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin,* 171 F.3d 115, 116 (2d Cir.1999) (per curiam) (citation omitted). An action is frivolous as a matter of law when, among other things, it is " 'based on an "indisputably meritless legal theory,' " i.e., when it "lacks an arguable basis in law ...

or [when] a dispositive defense clearly exists on the face of the complaint...." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir.1998) (internal quotation and citation omitted).

Although the court has a duty to show liberality to *pro se* litigants, *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990) (per curiam), and should exercise extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint *"before* the adverse party has been served and both parties ... have had an opportunity to respond," *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983) (citations omitted), there is a responsibility on the part of the court to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that the plaintiff has paid the statutory filing fee); *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam) (district court has power to dismiss a complaint *sua sponte* if the complaint is frivolous).

### 1. *Due Process Claim*

**\*3** This action is brought, in part, pursuant to 42 U.S.C. § 1983 which provides, in pertinent terms, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

To successfully state a claim under this section for denial of due process, a plaintiff must show that he or she 1) possessed an actual liberty interest, and 2) was deprived of that interest without being afforded sufficient process. *See Tellier v. Fields,* 260 F.3d 69, 79-80 (2d Cir.2000) (citations omitted); *Hynes v. Squillace,* 143 F.3d 653, 658 (2d Cir.1998); *Bedoya v. Coughlin,* 91 F.3d 349, 351-52 (2d Cir.1996). "[T]he first inquiry in the analysis of an alleged due process violation is whether there exists a protected liberty interest" which is at stake in the case. *Barna,* 1999 WL 305515, at *1 (citing *Kentucky Dep't of Corrs. v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 1908 (1989)).

In a case such as this, the burden initially rests with the plaintiff to show that he or she enjoys a protected liberty interest under New York's statutory parole scheme. While the presence or absence of language in a state's parole provisions mandating release was once regarded as dispositive on this score, *see, e.g. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 11-13, 99 S.Ct. 2100, 2106-07 (1979), the Supreme Court has more recently held that the focus of the inquiry should be on the nature of the interest allegedly created by the state. *Sandin v. Conner,* 515 U.S. 472, 479-83, 115 S.Ct. 2293, 2298-2300 (1995).

Analysis of the plaintiff's due process claim, at least in the first instance, therefore hinges upon whether New York's parole regime confers upon him a legitimate expectation in release on parole prior to the expiration of his sentence. Careful review of New York's parole provisions reveals no basis to find the existence of such a protected liberty interest in being released on parole. *Barna,* 1999 WL 305515, at *2; *see also Larocco v. New York State Div. of Parole,* No. 9:05-CV-1602, 2006 WL 1313341, at *2 (N.D.N.Y. May 12, 2006) (McAvoy, S.J.). N.Y. Executive Law § 259-i(2)(c), the statute which governs the parole process, affords broad discretion to the BOP in determining whether to grant or deny an inmate's application for early release. For this reason, the Second Circuit has recognized that the New York State parole process creates no legitimate expectation of release mandating that an inmate seeking release be afforded the full panoply of procedural due process protection. *Barna v. Travis,* 239 F.3d 169, 171 (2d Cir.2001); *see Morel v. Thomas,* No. 02 CV 9622, 2003 WL 21488017, at *4 (S.D.N.Y. June 26, 2003). As that court has succinctly noted, "[n]either the mere possibility of release ... nor a statistical probability of release ... gives rise to a legitimate expectancy of release on parole" sufficient to support a due process claim. *Barna,* 239 F.3d at 170-71 (citations omitted).

**\*4** This is not to say that a prison inmate may constitutionally be denied parole for purely arbitrary or otherwise impermissible reasons. *Boddie v. New York State Div. of Parole,* 288 F.Supp.2d 431, 440 (S.D.N.Y.2003). To the contrary, the courts have recognized a limited due process right of New York inmates not to be denied parole for reasons which are arbitrary or capricious, or based on a protected

classification or irrational distinction. *See Standley v. Dennison,* No. 9:05-CV-1033, 2007 WL 2406909, at *9 (N.D.N.Y. Aug. 21, 2007) (Sharpe, D.J.) (collecting cases); *see also see also Graziano v. Pataki,* No. 06 Civ. 0480, 2006 WL 3082, at *7-9 (S.D.N.Y. July 17, 2006) (holding that prison inmates do not have a constitutional right to release on parole, but recognizing "a due process right to have the decision made only in accordance with the statutory criteria" specified by state law).

New York law directs the BOP to consider certain specified factors, among them being the underlying offense, but does not specify the weight to be attached to each factor. N.Y. Exec. Law § 259-i(2)(c)(A); *Mitchell v. Conway,* No. 04 CV 1088, 2006 WL 508086, at *4 (E.D.N.Y. Mar. 1, 2006). That section specifically provides that

> [d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law.

N.Y. Exec. Law § 259-i(2)(C)(A) (McKinney's, 2007). Accordingly, "[t]he parole board may in its discretion find that any one of these factors, including the severity of the inmate's offense of conviction, outweighs the other factors in a particular case and is grounds to deny parole." *Mitchell,* 2006 WL 508086, at *4.

In this instance the plaintiff argues that the BOP acted improperly by rescinding the grant of his parole based on false information provided at a victim impact meeting, violating the BOP's own rules and regulations as well as N.Y. Executive Law § 259-i. The factors weighed by the BOP in arriving at its determination are not clear on the face of plaintiff's complaint, and therefore I am unable to consider them in conjunction with the circumstances of his criminal conviction. Accordingly, I recommend that

plaintiff's due process claim not be subject to *sua sponte* dismissal at this time.

### 2. *Equal Protection Clam*

Plaintiff appears to allege that as a class-C, non-violent felony offender, he has been treated just as harshly as violent felony offenders, in violation of his constitutionally-guaranteed equal protection rights. Complaint (Dkt. No. 1) at ¶ 48. He also alleges that the nature of the offense is the only factor given any weight in determining whether he is eligible for parole, "while due consideration is being given to other statutory criteria in determining whether other prisoners not so convicted will be granted parole release." *Id.* at ¶ 114.

**\*5** The Equal Protection Clause directs state actors to treat similarly situated people alike. *See City of Cleburne, Texas v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254 (1985). To prove a violation of the Equal Protection Clause, a plaintiff must demonstrate that he or she was treated differently than others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class. *See Giano v. Senkowski,* 54 F.3d 1050, 1057 (2d Cir.1995) (citing, *inter alia, McCleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 1767 (1987)). The plaintiff must also show that the disparity in treatment "cannot survive the appropriate level of scrutiny which, in the prison setting, means that he must demonstrate that his treatment was not reasonably related to [any] legitimate penological interests." *Phillips v. Girdich,* 408 F.3d 124, 129 (2d Cir.2005) (quoting *Shaw v. Murphy,* 532 U.S. 223, 225, 121 S.Ct. 1475 (2001) (internal quotation marks omitted)).

Plaintiff's equal protection allegations, while skeletal, likely are sufficient to proceed at this juncture. Although these allegations are not frivolous, I do not make any determination at this time as to whether they could withstand a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. I accordingly recommend that plaintiff's equal protection claim arising under section 1983 also not be subject to *sua sponte* dismissal at this time.

### 3. *Cruel and Unusual Punishment Claim*

Plaintiff claims that the suspension of his parole and continued incarceration beyond his minimum sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. "Detention beyond the termination of a sentence can constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest." *Wright v. Kane,* No. 94 Civ. 3836, 1997 WL 746457, at \*4 (S.D.N.Y. Dec. 2, 1997) (citing *Estelle v. Gamble,* 429 U.S. 97, 104-06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Calhoun v. New York State Division of Parole Officers,* 999 F.2d 647, 654 (2d Cir.1993)). Plaintiff cannot show that he was deprived of a constitutional right "because he was not incarcerated beyond his term ...," he has not yet completed his maximum term of incarceration. [2] *Wright,* 1997 WL 746457, at \*4. Accordingly, it is evident that plaintiff has failed to has failed to state a claim under the Eighth Amendment upon which relief can be granted, and I therefore recommend that this cause of action be dismissed.

[2]      On May 13, 2002, plaintiff was sentenced to an indeterminate term of five (5) to fifteen (15) years imprisonment. Complaint (Dkt. No. 1) at ¶ 20.

### 4. *State Law Claims*

Plaintiff also alleges that the parole board violated state law by rescinding his parole based on false testimony from the victim's family, which was belatedly received after he was granted parole on December 13, 2005. Complaint (Dkt. No. 1) at ¶ 79. Plaintiff's state law claims, however, are not cognizable under section 1983. "The method for appealing state administrative proceedings that are irregular is through an Article 78 proceeding in state court, not a federal civil rights action." *Green v. Coughlin,* 633 F.Supp. 1166, 1171 (S.D.N.Y.1986). Indeed, plaintiff filed a petition for a writ of habeas corpus in state court pursuant to Article 70 of New York's Civil Practice Law and Rules, which was converted by the court to an Article 78 proceeding and was subsequently denied. Complaint (Dkt. No. 1) at ¶¶ 82-83. Accordingly, I recommend that plaintiff's state law claims be dismissed.

### 5. *Ex Post Facto Claim*

**\*6** Plaintiff further complains that the recision of his parole, which according to him was based on a policy perpetuated by the governor and the BOP, was an "unconstitutional ex post facto enhancement of the indeterminate sentence imposed by the sentencing court." Complaint (Dkt. No. 1) at ¶ 93.

Among the protections afforded by the Constitution is the prohibition against a state passing any *ex post facto* law. See U.S. Const. art. I, § 10. Under this provision, laws which "retroactively alter the definition of crimes or increase the punishment for criminal acts" are prohibited. *Collins v. Youngblood,* 497 U.S. 37, 43, 110 S.Ct. 2715, 2719-20 (1990). Indeed, changes in state parole procedures, "even if adverse to an inmate and adopted after the inmate's incarceration, cannot violate the Ex Post Facto Clause because such procedures are not 'laws.' " *Parks,* 2004 WL 377685, at *4 (citing *Barna* ).

Like the plaintiff in *Parks,* Krebs appears to view defendants' refusal to release him as making his punishment more burdensome. *Id.* Plaintiff's continued incarceration, however, is consistent with the indeterminate sentence imposed of five to fifteen years imprisonment pursuant to the relevant statute. See N.Y. Penal Law § 70.00(2) (indicating that the sentence for a class C felony "shall not exceed fifteen years"). Accordingly, it is apparent that defendants' actions did not violate the *ex post facto* clause. Moreover, in this instance both the plaintiff's potential exposure to criminal sanctions and his sentence remained constant before and after his conviction, and were not impacted by intervening events occurring after his trial and sentencing. What Krebs now challenges is the alleged implementation of a policy, following his sentencing, which would potentially negate or minimize the possibility of early release on parole, without actually increasing his maximum exposure to punishment. In recognition of this critical distinction the argument now being raised has been firmly rejected by several other courts, including the Second Circuit, particularly since the challenged policy is neither a law, nor does it have the effect of retroactively punishing a crime. *Barna,* 239 F.3d at 171; *Parks,* 2004 WL 377658, at *4. As the Second Circuit has noted, "[t]he *Ex Post Facto* Clause does not apply to guidelines that do not create mandatory rules for release but are promulgated simply to guide the parole board in the exercise of its discretion.... Such guidelines 'are not 'laws' within the meaning of the ex post facto clause.' " *Barna,* 239 F.3d at 171 (citing and quoting *DiNapoli v. Northeast Regional Parole Comm'n,* 764 F.2d 143, 145-47 (2d Cir.), *cert. denied,* 474 U.S. 1020, 106 S.Ct. 568 (1985)).

Accordingly, I recommend the dismissal of plaintiff's *ex post facto* claim as lacking in merit. [3]

[3] Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.,* 899 F.2d 195, 198 (2d Cir.1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend."). *Price v. Hasly,* No. 04-CV-0090S, 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004).

### C. *Allegations Pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2241*

**\*7** In addition to seeking relief pursuant to 42 U.S.C. § 1983, plaintiff asserts his entitlement to a writ of habeas corpus "pursuant to 28 U.S.C. 2254 *and/or* 2241", Complaint (Dkt. No. 1) at p. 33 (emphasis added), claiming that he is subject to release from prison because the denial of his parole was unconstitutional.

Section 2241 permits a district court to grant a writ of habeas corpus to a "prisoner ... in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254, by its terms, applies to "application[s] ... in behalf of ... a person in custody in violation of the Constitution or United States." 28 U.S.C. § 2254(a). A state prisoner's challenge to the execution of his or her sentence must be brought under section 2254. *James v. Walsh,* 308 F.3d 162, 167 (2d Cir.2002) (holding that a state prisoner may challenge either the imposition or the execution of his or her sentence under section 2254); *Pena v. Ellis,* No. 07 CV 2736, 2007 WL 4565032, at *3 (E.D.N.Y. Dec. 21, 2007). Accordingly, a state prisoner seeking release who is challenging a parole board's denial of his request for parole is required to bring that challenge pursuant to 28 U.S.C. § 2254. *See Rossney v. Travis,* No. 00 Civ. 4562, 2003 WL 135692, at *5 (S.D.N.Y. Jan. 17, 2003). It appears that the grounds for such a challenge may be based, *inter alia,* on claims of due process and equal protection violations. *See, e.g., Morel v. Thomas,* No. 02 CV 9622, 2003 WL 21488017, at *3 (S.D.N.Y. June 26, 2003) (indicating that petitioner brought section 2254 petition on the grounds that the parole board violated his constitutional rights to due process and equal protection under the Fourteenth Amendment when it denied his request for parole). Krebs therefore may pursue his request for release under section 2254, rather than section 2241.

Plaintiff's filing, however, as currently styled, seeks injunctive, declaratory and monetary relief pursuant to 42 U.S.C. § 1983, as well as release pursuant to 28 U.S.C. § 2254. Plaintiff cannot maintain both claims in a single proceeding. *See Myrick v. Keane,* No. 95-CV-1360, 1998 WL 146275, at *3-4 (N.D.N.Y. Mar. 27, 1998) (Pooler, D.J.) ("To the extent [a] plaintiff claims he [or she] is entitled to release from custody, he may not seek such relief in a Section 1983 proceeding) (citing *Presser v. Rodriguez,* 411 U.S. 492, 500, 93 S.Ct. 1827, 1841 (1973)). While I recommend the dismissal of plaintiff's allegations alleging state law violations, as well as his claims under the *ex post facto* clause, and the Eight Amendment, I further recommend that petitioner be afforded the opportunity to choose to proceed with his remaining due process and equal protection claims under *either* section 1983 or section 2254. If plaintiff chooses to pursue injunctive, declaratory and/or monetary relief, he should amend his complaint to allege the remaining due process and equal protection allegations under section 1983. If, on the other hand, plaintiff chooses to pursue release from incarceration, he should be aware that he must amend his filing to raise his due process and equal protection claims in a section 2254 petition seeking habeas relief.

D. *Motion to Appoint Counsel*

**\*8** Also presently before me is plaintiff's motion for appointment of counsel. *See* Dkt. No. 3.

In *Terminate Control Corp. v. Horowitz,* 28 F.3d 1335 (2d Cir.1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp.,* 28 F.3d at 1341 (quoting *Hedge v. Police Officers,* 802 F.2d 58, 61 (2d Cir.1986)). Of these criteria, the most important is the merits, *i.e.,* "whether the indigent's position was likely to be of substance." *McDowell v. State of New York,* No. 91 CIV. 2440, 1991 WL 177271, at *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.,* 877 F.2d 170, 172 (2d Cir.1989)). Indigents do not have to demonstrate that they can win their cases without the aid of counsel; they do have to show likely merit. *Id.*

This action was only recently commenced. It is apparent that plaintiff's pleading must be amended prior to the defendants filing a response to any allegations contained therein, and the only facts upon which this court may base its decision as to whether this lawsuit is of substance are those portions of plaintiff's complaint wherein he states the facts surrounding his claim. Where a plaintiff does not provide a court with evidence, as opposed to mere allegations, relating to his or her claims, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon,* No. 96-Civ.-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

In light of the foregoing, the I will deny plaintiff's motion for appointment of counsel without prejudice. After the plaintiff has amended his pleading, upon its acceptance by the court and the subsequent filing of a response from the defendants, he may choose to file a new motion for appointment of counsel, at which time the court might be better able to determine whether such appointment is warranted in this lawsuit. Plaintiff is advised that any future motion for appointment of counsel must be accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector.

WHEREFORE, based upon the above, it is hereby

RECOMMENDED, that plaintiff's claims pursuant to state law, the Eighth Amendment, and the *ex post facto* clause be DISMISSED for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

RECOMMENDED, that plaintiff be afforded the opportunity to choose to proceed with his remaining due process claims under *either* section 1983 or section 2254. If plaintiff chooses to pursue injunctive, declaratory and/or monetary relief, which would not include an order directing his release from prison, but which could, *inter alia,* enjoin the BOP from failing to follow prescribed procedures, he should amend his complaint to allege the remaining due process and equal protection allegations under section 1983. If, however, plaintiff chooses to pursue release from incarceration, he should be aware that he must amend his filing to raise his due process and equal protection claims in a section 2254 petition [4]; and it is further

4    In theory, a third alternative may exist for the plaintiff
     in that he may be permitted to file two separate
     actions in this court, one under section 1983 seeking
     injunctive, declaratory and monetary relief for his
     remaining claims, and the other pursuant to section
     2254 seeking release from prison.

**\*9** ORDERED, that plaintiff's *in forma pauperis*
application (Dkt. No. 2) is GRANTED [5] ; and it is further

5    Plaintiff should note that although the application to
     proceed *in forma pauperis* has been granted, he will
     still be required to pay fees that he may incur in this
     action, including copying and/or witness fees.

ORDERED, that plaintiff's motion for appointment of
counsel (Dkt. No. 3) is DENIED without prejudice to
renew at some future time for the reasons stated above.
Any future motion for appointment of counsel must
be accompanied by documentation that substantiates
plaintiff's efforts to retain counsel on his own.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties
may lodge written objections to the foregoing report.
Such objections shall be filed with the Clerk of the Court
within TEN days. FAILURE TO SO OBJECT TO THIS
REPORT WILL PRECLUDE APPELLATE REVIEW.
28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72; *Roldan
v. Racette,* 984 F.2d 85 (2d Cir.1993).

It is hereby ORDERED that the clerk of the court serve
a copy of this Report, Recommendation and Order upon
the plaintiff in accordance with this court's local rules.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 2003852

---

**End of Document**                  © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2017 WL 6816582
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Agnes GEORGES, Plaintiff,

v.

Andrew M. CUOMO, et al., Defendants.

Civ. No. 1:17-CV-1247
|
Signed 12/11/2017

**Attorneys and Law Firms**

APPEARANCES: AGNES GEORGES, Plaintiff, Pro Se, 5 Lowell Place, Baldwin, NY 11510

**REPORT-RECOMMENDATION and ORDER**

Daniel J. Stewart, U.S. Magistrate Judge

**\*1** The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Agnes Georges. [1] Dkt. No. 1, Compl. Plaintiff has not paid the filing fee and has submitted an Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. Plaintiff has also submitted a Motion to Appoint Counsel. Dkt. No. 3. For the reasons that follow, Plaintiff's IFP Application is **granted**. However, it is recommended that Plaintiff's Complaint be **dismissed without leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

---

[1]    In addition to the present action, Plaintiff has six other pending actions in this District, five of which she filed on November 13, 2017. *Georges v. Schneiderman*, Civ. No. 1:17-cv-524 (BKS/DJS) (filed May 11, 2017); *Georges v. Hatser*, Civ. No. 1:17-cv-1243 (GTS/CFH) (filed Nov. 13, 2017); *Georges v. Gov Tower VA*, Civ. No. 1:17-cv-1244 (TJM/ATB) (filed Nov. 13, 2017); *Georges v. Rathner*, Civ. No. 1:17-cv-1245 (BKS/ DJS) (filed Nov. 13, 2017); *Georges v. Rathner*, Civ. No. 1:17-cv-1246 (DNH/CFH) (filed Nov. 13, 2017); *Georges v. Rathner*, Civ. No. 1:17-cv-1276 (DNH/ DJS)(filed Nov. 20, 2017). Each of these actions appear to recount a substantially similar series of events. Furthermore, Plaintiff seeks to proceed *in forma pauperis* in each action. In Civ. No. 1:17-cv-524

and Civ. No. 1:17-cv-1244, there are pending Report-Recommendations recommending the dismissal of those actions pursuant to 28 U.S.C. § 1915(e)(2) (B) for being frivolous and/or for failure to state a claim. Another action, *Georges v. Duchene*, Civ. No. 1:17-cv-0086, was terminated on December 7, 2017, after the Report-Recommendation and Order of the undersigned recommending that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) was adopted by the Honorable David N. Hurd, United States District Judge. Plaintiff is warned that further filing of repetitive and frivolous actions requesting *in forma pauperis* status may result in the issuance of an injunction barring Plaintiff from filing further actions without leave of the court. *See* 28 U.S.C. § 1651; *see also Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997) (affirming entry of injunction against filing further actions without leave of the court).

**I. IFP APPLICATION**

A court may permit a litigant to proceed without prepayment of the filing fee if it determines "that the person is unable to pay such fees." 28 U.S.C. § 1915(a) (1). A litigant seeking to proceed IFP must submit "an affidavit that includes a statement of all assets such [person] possesses." *Id.* "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

After reviewing Plaintiff's IFP Application, the Court finds that Plaintiff meets the requirement for economic need and thus may properly proceed with this matter *in forma pauperis*. Plaintiff's IFP Application is accordingly **granted**.

**II. INITIAL REVIEW OF THE COMPLAINT**

**A. Legal Standard**

**\*2** Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against

2017 WL 6816582

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution ... in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Nonetheless, the court has a responsibility to determine that a claim is not frivolous before permitting it to proceed. *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) ("Section 1915(d) gives the court the power to dismiss a *pro se* complaint sua sponte if the complaint is frivolous."). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court's initial review of a complaint under § 1915(e) must also encompass the applicable standards of the Federal Rules of Civil Procedure. Thus, under Rule 8 of the Federal Rules of Civil Procedure, a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). A complaint that fails to comply with this Rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe

the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'–'that the pleader is entitled to relief.' " *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed.Appx. 102, 104 (2d Cir. 2009).

## B. Analysis

**\*3** In bringing this action, Plaintiff utilized this District's *pro forma* complaint for actions brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court first recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

Plaintiff names Andrew Cuomo, Jeh Johnson (Secretary of the Department of Homeland Security), and "Felix Phillipe" as Defendants to this action. Compl. at ¶ 3. The Complaint, however, fails to satisfy basic pleading standards and consists of incomplete and incoherent sentences. As the Court can best discern, Plaintiff alleges an undefined conspiracy against her and her children. According to Plaintiff, Defendant Phillipe "scam my entire life for Levy Rathner." *Id.* It is unclear who Defendant Phillipe and Rathner are, or what their connection to Plaintiff is; Plaintiff refers to Phillipe as "a NY state police + federal top network roof everywhere with CIA agent." *Id.* Plaintiff claims Phillipe and Rathner have her identity and they stole checks in the amount of $22,000, which belonged to her family. *Id.* at ¶ 5. The only allegation against Defendants Cuomo and Johnson is that they prepared these two checks. *Id.* Plaintiff also states that Phillipe and Rathner asked her case worker to send her for a mental health evaluation in order to make a "bad record." *Id.* Overall, the Complaint lacks specific factual allegations of wrongdoing against identifiable defendants.

WESTLAW  © 2018 Thomson Reuters. No claim to original U.S. Government Works.

The incoherence of the Complaint makes it impossible to determine what legal claims Plaintiff seeks to pursue and the factual basis for those claims. Accordingly, the Court recommends that Plaintiff's Complaint be **dismissed** as frivolous and for failure to state a claim.

Ordinarily, "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). Nonetheless, leave to replead need not be given when it would "futile" because the problem with the plaintiff's causes of actions would not be cured by better pleading. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In this case, while mindful of the liberality with which *pro se* pleadings must be viewed, the Court finds that Plaintiff's Complaint does not suggest any non-frivolous causes of action. Furthermore, Plaintiff's litigation history in this District—where she has filed numerous actions complaining of a substantially similar series of events in a span of weeks—counsels against granting leave to stated. The Court therefore recommends that the Complaint be dismissed **without leave to amend**.

### III. MOTION TO APPOINT COUNSEL

Also before the Court is Plaintiff's Motion to Appoint Counsel. Dkt. No. 3. Plaintiff's Motion is incomplete, and does not indicate whether she has attempted to obtain counsel on her own, or the reasons why the Court should appoint her *pro bono* counsel. *See id.*

"A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). As the Second Circuit stated in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), the court "should first determine whether the indigent's position seems likely to be of substance." 802 F.2d at 61. If the claim satisfies that threshold requirement, a number of factors must be carefully considered by the court in ruling upon such a motion. Among these factors are:

**\*4** the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d at 61-62). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

At this stage of the litigation, where the Complaint has not yet been served on the Defendants and they have not had the opportunity to respond to Plaintiff's allegations, Plaintiff's Motion for Appointment of Counsel is premature. Accordingly, Plaintiff's Motion to Appoint Counsel is **denied** with leave to renew should the District Judge allow this action to proceed.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED**, that Plaintiff's Motion to Appoint Counsel (Dkt. No. 3) is **DENIED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) [2] days within which to file written objections

2017 WL 6816582

to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

[2]    If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added

to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**All Citations**

Slip Copy, 2017 WL 6816582

---

End of Document    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2017 WL 7244525
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Agnes GEORGES, Plaintiff,

v.

Levy RATHNER, et al., Defendants.

Civ. No. 1:17-CV-1245 (BKS/DJS)

|

Signed 12/11/2017

**Attorneys and Law Firms**

AGNES GEORGES, 5 Lowell Place, Baldwin, NY 11510,
Plaintiff, Pro Se.

**REPORT-RECOMMENDATION and ORDER**

Daniel J. Stewart, U.S. Magistrate Judge

**\*1** The Clerk has sent to the Court for review a
Complaint filed by *pro se* Plaintiff Agnes Georges. [1] Dkt.
No. 1, Compl. Plaintiff has not paid the filing fee and has
submitted an Application to Proceed *In Forma Pauperis*
("IFP"). Dkt. No. 2, IFP App. Plaintiff has also submitted
a Motion to Appoint Counsel. Dkt. No. 3. For the reasons
that follow, Plaintiff's IFP Application is denied without
prejudice as incomplete. It is nonetheless recommended
that Plaintiff's Complaint be **dismissed without leave to
amend** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous
and for failure to state a claim upon which relief may be
granted.

[1]     In addition to the present action, Plaintiff has six
        other pending actions in this District, five of which she
        filed on November 13, 2017. *Georges v. Schneiderman*,
        Civ. No. 1:17-cv-524 (BKS/DJS) (filed May 11, 2017);
        *Georges v. Hatser*, Civ. No. 1:17-cv-1243 (GTS/CFH)
        (filed Nov. 13, 2017); *Georges v. Gov Tower VA*, Civ.
        No. 1:17-cv-1244 (TJM/ATB) (filed Nov. 13, 2017);
        *Georges v. Rathner*, Civ. No. 1:17-cv-1246 (DNH/
        CFH) (filed Nov. 13, 2017); *Georges v. Cuomo*, Civ.
        No. 1:17-cv-1247 (TJM/DJS) (filed Nov. 13, 2017);
        *Georges v. Rathner*, Civ. No. 1:17-cv-1276 (DNH/
        DJS)(filed Nov. 20, 2017). Each of these actions
        appear to recount a substantially similar series of
        events. Furthermore, Plaintiff seeks to proceed *in
        forma pauperis* in each action. In Civ. No. 1:17-cv-524

and Civ. No. 1:17-cv-1244, there are pending Report-
Recommendations recommending the dismissal of
those actions pursuant to 28 U.S.C. § 1915(e)(2)
(B) for being frivolous and/or for failure to state
a claim. Another action, *Georges v. Duchene*, Civ.
No. 1:17-cv-86, was terminated on December 7,
2017, after the Report-Recommendation and Order
of the undersigned recommending that the action be
dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) was
adopted by the Honorable David N. Hurd, United
States District Judge. Plaintiff is warned that further
filing of repetitive and frivolous actions requesting *in
forma pauperis* status may result in the issuance of an
injunction barring Plaintiff from filing further actions
without leave of the court. *See* 28 U.S.C. § 1651; *see
also Malley v. New York City Bd. of Educ.*, 112 F.3d 69
(2d Cir. 1997) (affirming entry of injunction against
filing further actions without leave of the court).

**I. IFP APPLICATION**

A court may permit a litigant to proceed without
prepayment of the filing fee if it determines "that the
person is unable to pay such fees." 28 U.S.C. § 1915(a)
(1). A litigant seeking to proceed IFP must submit "an
affidavit that includes a statement of all assets such
[person] possesses." *Id.* "Section 1915(a) does not require
a litigant to demonstrate absolute destitution; no party
must be made to choose between abandoning a potentially
meritorious claim or foregoing the necessities of life."
*Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

Plaintiff's IFP Application indicates that she has no
income from any sources; however, she has failed to
complete the remainder of the form. *See* IFP App.
"Without submission of a completed financial affidavit,
a plaintiff's application is incomplete, and this defect
alone warrants denial of the IFP application." *Sawabini
v. O'Connor Hosp.*, 2015 WL 582756, at \*3 (N.D.N.Y.
Aug. 31, 2015). Accordingly, Plaintiff's IFP Application
is **denied without prejudice**.

**II. INITIAL REVIEW OF THE COMPLAINT**

**\*2** Where a plaintiff seeks to proceed *in forma pauperis*,
§ 1915(e) directs the Court to "dismiss the case *at any
time* if the court determines that ... the action ... (i) is
frivolous or malicious; (ii) fails to state a claim on which
relief may be granted; or (iii) seeks monetary relief against

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (emphasis added). The Court shall dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." *Id.* Here, the Court recommends that Plaintiff's Complaint be **dismissed** as frivolous and because it fails to state a claim.

### A. Legal Standard

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution ... in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Nonetheless, the court has a responsibility to determine that a claim is not frivolous before permitting it to proceed. *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) ("Section 1915(d) gives the court the power to dismiss a *pro se* complaint sua sponte if the complaint is frivolous."). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court's initial review of a complaint under § 1915(e) must also encompass the applicable standards of the Federal Rules of Civil Procedure. Thus, under Rule 8 of the Federal Rules of Civil Procedure, a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). A complaint that fails to comply with this Rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed.Appx. 102, 104 (2d Cir. 2009).

### B. Analysis

**\*3** In bringing this action, Plaintiff utilized this District's *pro forma* complaint for actions brought pursuant to Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e-5. Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a) (1). To state a claim under Title VII, a plaintiff must plead a discrimination claim "that is facially plausible and ... give[s] fair notice to the defendants of the basis for the claim." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010).

Plaintiff indicates that she has suffered sex discrimination, and states that her "CNA license been seal, I canit [*sic*] get a job." Compl. at ¶¶ 6-7. Apart from that statement, however, there is nothing in the Complaint related to employment that would suggest a Title VII claim. Plaintiff's Complaint fails to satisfy basic pleading standards and consists of incomplete and incoherent

sentences. Indeed, even employing its best efforts in due deference to Plaintiff's *pro se* status, the Court is unable to discern any coherent factual allegations in the Complaint, much less what legal claims Plaintiff intends to raise.

Plaintiff names "Levy Rathner, Commander of Chief (Network)" as a Defendant, yet makes no specific factual allegations against that individual, other than stating that he "is responsible for the entire lawsuit." Compl. at ¶ 9. It is unclear who this individual is, or what wrongdoing Plaintiff alleges that he committed. Plaintiff also names the "105 Precinct 92-02 Queens Village, Jamaica, N.Y." as a Defendant. *Id.* at ¶ 3. The body of the Complaint refers to "three cars crash by revenge + an burn by revenge, two houses, I used to live been vandalism." *Id.* at ¶ 8. Plaintiff also alleges that the cable boxes in her house have been used to spy on her family and that the police have sent her son child pornography. *Id.* In the Cause of Action section, she claims that the police falsely accused her of prostitution in order to take custody of her child and give him to a "fake father." *Id.* at ¶ 9. It is entirely unclear who is responsible for any of this conduct, or how it connects to any claim for legal relief.

Accordingly, the Court recommends that the Complaint be dismissed as frivolous and for failure to state a claim. Ordinarily, "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). Nonetheless, leave to replead need not be given when it would "futile" because the problem with the plaintiff's causes of actions would not be cured by better pleading. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In this case, while mindful of the liberality with which *pro se* pleadings must be viewed, the Court finds that Plaintiff's Complaint does not suggest any non-frivolous causes of action. Furthermore, Plaintiff's litigation history in this District—where she has filed numerous actions complaining of a substantially similar series of events in a span of weeks—counsels against granting leave to amend. The Court therefore recommends that the Complaint be dismissed **without leave to amend**.

### III. MOTION TO APPOINT COUNSEL

Also before the Court is Plaintiff's Motion to Appoint Counsel. Dkt. No. 3. Plaintiff's Motion is incomplete, and does not indicate whether she has attempted to obtain counsel on her own, or the reasons why the Court should appoint her *pro bono* counsel. *See id.*

**\*4** "A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). As the Second Circuit stated in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), the court "should first determine whether the indigent's position seems likely to be of substance." 802 F.2d at 61. If the claim satisfies that threshold requirement, a number of factors must be carefully considered by the court in ruling upon such a motion. Among these factors are:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d at 61-62). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

At this stage of the litigation, where the Complaint has not yet been served on the Defendants and they have not had the opportunity to respond to Plaintiff's allegations, Plaintiff's Motion for Appointment of Counsel is premature. Accordingly, Plaintiff's Motion to Appoint Counsel is **denied** with leave to renew should the District Judge allow this action to proceed.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) is **DENIED without prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED**, that Plaintiff's Motion to Appoint Counsel (Dkt. No. 3) is **DENIED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) [2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

[2]     If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**All Citations**

Slip Copy, 2017 WL 7244525

---

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

2011 WL 4478556
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Eugene SIDNEY, Plaintiff,

v.

T.L. CARON, Corrections Counselor, Upstate
Correctional Facility; T. Tynon, Senior Corrections
Counselor, Upstate Correctional Facility; M.
Lira, Deputy Superintendent for Program
Services, Upstate Correctional Facility; Brian
S. Fischer, Commissioner, NYS Docs; Mr.
J. Bellnier; and Mr. Ranieri, Defendants.

No. 9:09–CV–1326 (GTS/ATB).
|
Sept. 26, 2011.

**Attorneys and Law Firms**

Eugene Sidney, Malone, NY, pro se.

Hon. Eric T. Schneiderman, Attorney General for the
State of New York, Christopher W. Hall, Esq., Assistant
Attorney General, Albany, NY, for Defendants.

### *MEMORANDUM–DECISION and ORDER*

Hon. GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this *pro se* prisoner civil
rights action filed by Eugene Sidney ("Plaintiff") against
the six above-captioned individuals ("Defendants"), are
the following: (1) Defendants' motion to dismiss Plaintiff's
Amended Complaint, pursuant to 28 U.S.C. § 1915(g),
based on Plaintiff having acquired three strikes before
commencing this action, and not demonstrating the
applicability of the imminent-danger exception (Dkt. No.
53); and (2) United States Magistrate Judge Andrew
T. Baxter's Report–Recommendation recommending that
Defendants' motion be denied (Dkt. No. 87); (3) Plaintiff's
fifth and sixth motions for appointment of counsel
(Dkt.Nos.90, 91).[1] For the reasons set forth below, the
Report–Recommendation is accepted and adopted in its
entirety; Defendants' motion is denied; and Plaintiff's fifth
and sixth motions for appointment of counsel are denied
without prejudice.

1  Plaintiff's first motion for the appointment of
counsel was denied on April 1, 2010. (Dkt.Nos.11,
13.) Plaintiff's second motion for the appointment
of counsel was denied on December 6, 2010.
(Dkt.Nos.27, 29.) Plaintiff's third motion for the
appointment of counsel was denied on March 2, 2011.
(Dkt.Nos.52, 56.) Plaintiff's fourth motion for the
appointment of counsel was denied on May 15, 2011.
(Dkt.Nos.66, 72.)

## I. RELEVANT BACKGROUND

Plaintiff filed his Complaint in this action on November
27, 2009. (Dkt. No. 1.) On April 23, 2010, Plaintiff
submitted an Amended Complaint. (Dkt. No. 15.)
Construed with the utmost of liberality, Plaintiff's
Amended Complaint alleges that, while he was
incarcerated at Upstate Correctional Facility in Malone,
New York, Defendants violated his rights under the
First, Eighth and/or Fourteenth Amendments to the
United States Constitution in the following respects: (1)
Defendants issued false misbehavior reports against him
in retaliation for his engaging in protected activity; (2)
Defendants violated his due process rights by issuing
false misbehavior reports, and imposing sanctions, against
him; (3) Defendants impeded his ability to file grievances;
(4) Defendants disrupted the free-flow of his mail; (5)
Defendants subjected him to inadequate conditions of
confinement; and (6) Defendants conspired to deny him
his constitutional rights. (*See generally* Dkt. No. 15 [Plf.'s
Am. Compl.].) Familiarity with the factual allegations
supporting these claims in Plaintiff's Amended Complaint
is assumed in this Decision and Order, which is intended
primarily for review by the parties.

On February 20, 2011, Defendants filed a motion to
dismiss, pursuant to 28 U.S.C. § 1915(g), based on Plaintiff
having accumulated "three strikes" under the Prison
Litigation Reform Act ("PLRA"). (Dkt. No. 53.)

On March 10, 2011, Plaintiff submitted a response in
opposition to Defendants' motion. (Dkt. No. 57.) In
his response, Plaintiff "does not foolishly contest the
three exhibiting samples defendants have put forth in
their moving papers [as demonstrating three strikes,]"
but instead argues that he has alleged facts plausibly
suggesting that the imminent danger exception applies to
one or more of his claims. (*Id.*)

WESTLAW  © 2018 Thomson Reuters. No claim to original U.S. Government Works.  1

2011 WL 4478556

On August 8, 2011, Magistrate Judge Baxter issued a Report–Recommendation recommending that Defendants' motion be denied, finding that a review of Plaintiff's litigation history revealed that Plaintiff has acquired only two strikes. (Dkt. No. 87 .)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

**\*2** When specific objections are made to a magistrate judge's report-recommendation, the Court makes a *"de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1)(C). [2] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments made in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *2–3 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion,* 175 F.3d 1007 (2d Cir.1999). [3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker,* 94–CV–2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

[2]  On *de novo* review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir.1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to

present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[3]  *See also Camardo v. Gen. Motors Hourly–Rate Emp. Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge; *accord, Praileau v. Cnty. of Schenectady,* 09–CV–0924, 2010 WL 3761902, at *1, n. 1 (N.D.N.Y. Sept.20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue,* 07–CV–1077, 2010 WL 2985968, at *3 & n. 3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole,* 04–CV–0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan.18, 2006) (Sharpe, J.).

### B. Legal Standard Governing a Motion to Dismiss pursuant to 28 U.S.C. § 1915(g)

Magistrate Judge Baxter correctly recited the legal standard governing motions to dismiss pursuant to 28 U.S.C. § 1915(g). (Dkt. No. 87.) As a result, this standard is incorporated by reference in this Decision and Order.

## III. ANALYSIS

### A. Defendants' Motion to Dismiss

As an initial matter, neither party has filed objections to the Report–Recommendation. As a result, the Court need review the Report–Recommendation for only clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report–Recommendation, the Court concludes that Magistrate Judge Baxter's thorough Report–Recommendation is correct in all respects. (Dkt. No. 87.) Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court adopts the Report–Recommendation in its entirety for the reasons stated therein.

### B. Plaintiff's Two Motions for Appointment of Counsel

Plaintiff has filed two motions for appointment of counsel. (Dkt.Nos.90, 91.) For substantially the same reasons that his first four motions for appointment of counsel were denied without prejudice, his current two motions for appointment of counsel are denied without prejudice. (*See generally* Dkt. Nos. 13, 29, 56, 72.) More specifically, after

carefully reviewing the file in this action, the Court finds as follows: (1) it appears as though, to date, Plaintiff has been able to effectively litigate this action; (2) it appears that the case does not present issues that are novel or more complex than those raised in most prisoner civil rights actions; (3) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial (as is the case in many actions brought under 42 U.S.C. § 1983 by pro se litigants), it is highly probable that this Court will appoint trial counsel at the final pretrial conference (should this case survive the filing of any further dispositive motions); and (4) the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

**\*3** For these reasons, Plaintiff's two motions for appointment of counsel are denied without prejudice. Plaintiff may renew his motion at a later time. However, Plaintiff is cautioned that the Court has repeatedly advised him that (1) a motion for counsel is premature when an answer has not yet been filed (which has not yet occurred in this action), and (2) he may file another motion for appointment of counsel only upon a change in circumstances or at a time closer to a trial in this action. (*See generally* Dkt. Nos. 13, 29, 56, 72.) However, Plaintiff has repeatedly flouted the Court's directives, and has continued to file premature and unmerited motions for appointment for counsel. (*See generally* Dkt. Nos. 27, 52, 66, 90, 91.)

A litigant may not avoid his or her obligations under Fed.R.Civ.P. 1 1(b)(1) and 16(f)(1)(C) simply because he or she is proceeding *pro se.* The Court has the inherent authority to manage its docket, which has become clogged with Plaintiff's frivolous filings. *As a result, Plaintiff may file a seventh motion for counsel only at the time of any trial in this action. Any other motion for counsel shall be struck by the Clerk's Office without further Order of this Court.*

### C. Plaintiff's Other Submissions

It bears noting that Plaintiff's vexatious motion practice has not been restricted to filing premature and unmerited motions for appointment of counsel. During the course of this action, Plaintiff has filed more than ten documents that attempt—in a piecemeal fashion in violation of Local Rule 7.1—to substantiate his efforts to find *pro bono* counsel. (*See, e.g.,* Dkt. Nos. 60, 61, 63, 64, 67, 69, 70, 71, 73, 88.) Over a period of less than 17 months, he has

filed some 21 requests for courtesy copies of the docket sheet (each of which has been honored). (Dkt.Nos.10, 18, 19, 20, 23, 25, 27, 31, 46, 50, 55, 59, 62, 65, 68, 74, 76, 79, 85, 86, 89.) In addition, he has filed more than 12 documents that either (1) fail to state the relief sought and the specific grounds therefor, as required by Fed.R.Civ.P. 7(b)(1) and Local Rule 7.1(a), and to submit that request in the form required by the Local Rule 7. 1, or (2) in a piecemeal fashion only obliquely, if at all, relate to a motion in this action. (*See, e.g.,* Dkt. Nos. 28, 43, 47, 48, 49, 58, 75, 77, 82, 83, 84, 96.) Finally, he has filed four documents that attempt to improperly supplement, during the phase for Objections to Magistrate Judge Baxter's Report–Recommendation, the record on Defendants' motion. (Dkt. Nos.92, 93, 94, 95.)[4] While the Court sees little utility in striking these submissions at this point, *the Court advises Plaintiff that, if he continues to engage in such a vexatious motion practice, he will be subject to sanctions, which may include the dismissal of his action.* Plaintiff is directed to consulted the *Pro Se* Handbook and Local Rules of Practice, which were provided to him on December 4, 2009, and which are also on file at his correctional facility.

4        The Court notes that three documents in question were dated September 8 and 12, 2011, while the deadline for Objections to Magistrate Judge Baxter's Report–Recommendation was August 22, 2011. (Dkt.Nos.87, 92–94.)

**\*4 ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Baxter's Report–Recommendation (Dkt. No. 87) is *ACCEPTED* and *ADOPTED* in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 53) is *DENIED;* and it is further

**ORDERED** that Defendants must file an Answer or otherwise respond to Plaintiff's Amended Complaint within thirty (30) days of this Decision and Order; and it is further

**ORDERED** that Plaintiff's two motions for appointment of counsel (Dkt. Nos.90, 91) are *DENIED* **without prejudice.** *Plaintiff may file a seventh motion for counsel only at the time of any trial in this action. Any other motion for counsel shall be struck by the Clerk's Office without further Order of this Court. In addition, Plaintiff is*

*advised that, if he continues to engage in a vexatious motion practice, he will be subject to sanctions, which may include the dismissal of his action.*

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 4478556

---

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.