UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WEILI CAO-BOSSA,

                              Plaintiff,

                                                                    1:18-CV-0509
v.                                                                  (GTS/TWD)

LINDSAY PULCHER, Project Assistant, Assoc.
Accountant; and KATHLEEN A. ELFELDT, Dir. of Fin.,

                              Defendants.
_____

APPEARANCES:

WEILI CAO-BOSSA
  Plaintiff, *Pro Se*
1912 East Country Club Drive
Schenectady, New York 12309

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Weili Cao-Bossa

("Plaintiff") asserting an employment-discrimination claim against the Department of Labor

(DOL) and three of its employees ("Defendants") under Title VII of the Civil Rights Act of

1962, as amended, 42 U.S.C. § 2000e, *et seq*., is United States Magistrate Judge Thérèse Wiley

Dancks' Report-Recommendation recommending that (1) Plaintiff be given leave to file an

Amended Complaint naming the New York State Department of Labor as a defendant within

thirty (30) days of the date of filing of an Order by the Court on the Report-Recommendation,

and (2) at the expiration of the aforementioned thirty-day period, Plaintiff's claim against

Defendants Lindsay Pulcher and Kathleen A. Elfeld be *sua sponte* dismissed for failure to state a

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (Dkt. No. 5.)  Plaintiff has not filed an

Objection to the Report-Recommendation, and the deadline in which to do so has expired.  (*See generally* Docket Sheet.) Instead, Plaintiff has filed what purports to be an "Amended Complaint."  (Dkt. No. 6.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1]  Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, with the following modifications.

Rather than wait for the Court to issue its Decision and Order on the Report-Recommendation, Plaintiff has filed (before the expiration of the deadline for an Objection to the Report-Recommendation) a document entitled "Amended Complaint."  (Dkt. No. 6.)  This filing was premature.  For the sake of brevity, the Court will set aside the inappropriateness of including a "Dear Judge" note at the beginning of her Amended Complaint.  (*Id*. at 1.)  More important is the prematurity of the "Amended Complaint": as the Second Circuit has explained, "[t]he proper time for a plaintiff to move to amend the complaint is when the plaintiff learns from the District Court in what respect the complaint is deficient," because, "[b]efore learning

---

[1]    When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

from the court what are its deficiencies, the plaintiff cannot know whether he is capable of amending the complaint efficaciously." *Cresci v. Mohawk Valley Cmty. College*, 693 F. App'x 21, 25 (2d Cir. 2017). Here, had Plaintiff waited for the issuance of this Decision and Order, Plaintiff would have learned of the futility of her "disagree[ment]" with Magistrate Judge Dancks' finding that Plaintiff has no actionable claim against Defendants Pulcher and Elfeldt under Title VII, and she would not have wasted the time of reasserting that claim against them in her Amended Complaint. (Dkt. No. 6, at 2 [Plf.'s Am. Compl., stating, "I disagree with your judgement [sic] with respect to dismiss [sic] Lindsay Plucher [sic] and Kathleen Elfeldt"].)

Moreover, had Plaintiff waited for the issuance of this Decision and Order, she would have learned of the Court's identification of an additional pleading defect in her original Complaint: the fact that it fails to allege facts plausibly suggesting what, if any, similarly situated Caucasians were given advice by Defendants Pulcher and Elfeldt on how to correct their assignments during the two-year probationary period of their position as a senior accountant trainee. (*See generally* Dkt. Nos. 1, 6.)[2] Plaintiff's correction of this pleading defect would have narrowed the scope of, or maybe even obviated the need for, Defendants' inevitable motion to dismiss this action for failure to state a claim.

However, Plaintiff did not wait. As a result, her purported "Amended Complaint" repeated the pleading defect identified by Magistrate Judge Dancks in her claim against Defendants Pulcher and Elfeldt, and neglected to correct the pleading defect identified by the

---

[2]     Based on the factual allegations of Plaintiff's Complaint, the crux of her Title VII claim appears to be that Defendants did not (during the two-year probationary period of her position as a senior accountant trainee) give her advice on how to correct her assignments as much as they did for similarly situated Caucasian trainees, which caused her to receive two "very negative" evaluations and be terminated. (Dkt. No. 1.)

3

undersigned in her claim against the New York State Department of Labor (i.e., the defect regarding similarly situated individuals).  (Dkt. No. 6.)

Ordinarily, Plaintiff would be stuck with the consequences of her "Amended Complaint." However, here, she is not stuck with those consequences for two alternative reasons.  First, the "Amended Complaint" is not signed.  (Dkt. No. 6.)  As a result, it violates Fed. R. Civ. P. 11(a) and N.D.N.Y. L.R. 10.1(c)(2).  The relevant portion of Fed. R. Civ. P. 11(a) provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."  The Court's internal notes on the docket sheet indicate that, on May 22, 2018, the Clerk's Office informed Plaintiff (by email) of the omissions of her signature from her "Amended Complaint"; however, to date, Plaintiff has not corrected that omission.  *(See generally* Docket Sheet.)  Under the circumstances, the "Amended Complaint" may be stricken. Second, regardless of the omission of her signature, Plaintiff's "Amended Complaint" does not state a viable claim against any of the four Defendants named therein because Plaintiff's Title VII claim is plagued by the two pleading defects described above in this Decision and Order.  As a result, the "Amended Complaint" is subject to *sua sponte* dismissal by the Court.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Under the circumstances, special solicitude warrants overlooking the consequences of Plaintiff's haste (and ill-advised persistence in pursuing a Title VII claim against individual Defendants).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Clerk of the Court shall **STRIKE** Plaintiff's "Amended Complaint" (Dkt. No. 6) from the docket; and it is further

**ORDERED** that the Clerk shall **AMEND** the caption of this docket sheet so as to **REMOVE** Ms. Daly and the Department of Labor as Defendants; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) shall be **DISMISSED** in its entirety, without further notice of the Court, unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files a signed Amended Complaint that corrects the pleading defects identified in the Report-Recommendation and this Decision and Order; and it is further

**ORDERED** that, should Plaintiff file a timely Amended Complaint, it shall be referred to Magistrate Judge Dancks for review.

Dated: June 21, 2018
      Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge