UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WEILI CAO-BOSSA,

                          Plaintiff,

v.                                                    1:18-CV-0509
                                                    (GTS/TWD)

NEW YORK STATE DEP'T OF LABOR,

                          Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

WEILI CAO-BOSSA
  Plaintiff, *Pro Se*
1912 East Country Club Drive
Schenectady, New York 12309

HON. LETITIA A. JAMES                           AIMEE COWAN, ESQ.
Attorney General for the State of New York
  Counsel for Defendant
Syracuse Regional Office
300 South State Street
Syracuse, New York 13202

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* employment discrimination action filed by

Weili Cao-Bossa ("Plaintiff") against the New York State Department of Labor ("Defendant")

are the following two motions: (1) Defendant's motion to dismiss Plaintiff's Amended

Complaint for failure to state a claim; and (2) Plaintiff's cross-motion to amend her Amended

Complaint in the event the Court finds the Amended Complaint defective or insufficient.  (Dkt.

No. 14, 16.)  For the reasons set forth below, Defendant's motion is granted and Plaintiff's cross-

motion to amend her Amended Complaint is granted in part and denied in part.

# I.    RELEVANT BACKGROUND

## A.    Plaintiff's Amended Complaint[1]

Generally, construed with the utmost special leniency, Plaintiff's Amended Complaint and its attachments assert a claim for discrimination.  (Dkt. No. 8, at 2-5 [Pl.'s Am. Compl.].)  In support of this claim, Plaintiff alleges that her negative performance evaluations and eventual termination were motivated by unspecified discriminatory intent,[2] and that she was treated differently from other employees who received positive performance evaluations.  (*Id.* at 2-4.)

Plaintiff also appears to assert a claim for defamation based on allegedly false statements made by her supervisor Lindsay Pulcher in Plaintiff's performance evaluations.[3]  (*Id.*)

## B.    Parties' Briefing on Defendant's Motion

### 1.    Defendant's Memorandum of Law

Generally, in its motion to dismiss, Defendant argues that Plaintiff has failed to state a claim for discrimination under Title VII.  (Dkt. No. 14, Attach. 5, at 4-7 [Def.'s Mem. of Law].)  More specifically, Defendant argues that Plaintiff has failed to meet even the lenient pleading standard of Fed. R. Civ. P. 8 because her claim is wholly conclusory and unsupported by the following factual allegations: (a) the protected class to which she belongs, (b) a causal link between her termination and her membership in a protected class, and (c) how positive performance reviews received by other employees raise an inference of discrimination.  (*Id.*)

---

[1]    Although this pleading is labeled Plaintiff's "Amended Complaint," it is, in fact, her "Second Amended Complaint," her first such "Amended Complaint" having been stricken from the docket because it had been improperly filed.  (Dkt. No. 7, at 4.)

[2]    The Court notes that nowhere in Plaintiff's Amended Complaint or its attachments is mentioned Plaintiff's age, national origin, or even her gender.  (*See generally,* Dkt. No. 8.)

[3]    However, Plaintiff's claims against Ms. Pulcher were previously dismissed with prejudice.  (Dkt. No. 9, at 3.)

## 2. Plaintiff's Opposition Affidavit

In opposition to Defendant's motion, Plaintiff asserts four arguments: (1) as a 45-year-old female of Chinese origin, she is protected from age, gender and national origin discrimination under Title VII of the Civil Rights Act of 1962 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"); (2) in her original Complaint, she alleged that she is a member of at least one of the above three protected classes; (3) the evidence appended to her Amended Complaint supports her claims of disparate treatment and discrimination because other employees did not receive negative comments of the type that were included in Plaintiff's evaluations (some of which were based on one-time incidents while she was still learning the job); and (4) in the alternative, she should be permitted an opportunity to amend her Amended Complaint. (Dkt. No. 16 [Pl.'s Opp'n Aff.].)

## 3. Defendant's Reply Memorandum of Law

In reply to Plaintiff's opposition, Defendant asserts two arguments. (Dkt. No. 17, at 6-17 [Def.'s Reply Mem. of Law].) First, Defendant argues that Plaintiff's claims must be dismissed for the same reasons as stated in its memorandum of law: that her performance evaluations support Defendant's decision to terminate her employment, and that she has not provided any factual allegations (or evidence) to support her claim that those evaluations were the product of discrimination. (*Id.* at 6.) Defendant adds that, in an email she sent to her supervisor following her three-month evaluation, Plaintiff did not report that she believed she had been the subject of discrimination. (*Id.*)

Second, Defendant argues that the Court should deny Plaintiff's request for leave to amend the Amended Complaint because (a) she failed to submit a proposed Second Amended

Complaint from which the Court can assess whether any amendments would be required in the interest of justice, and (b) in any event, any possible amendments (that would effectively constitute Plaintiff's third opportunity to amend) would be futile. (*Id.* at 6-17.)

Regarding futility, Defendant argues as follows: (a) as to a claim for age discrimination, Plaintiff has failed, even in her opposition affidavit, to allege facts plausibly suggesting the specific ages of the alleged similarly situated persons, failed to allege facts plausibly suggesting that age was the basis for any disparate treatment, failed to allege facts plausibly suggesting that she would not have been terminated if she was under the age of 40, and failed to allege any discriminatory statements or actions about her age made by Defendant or its employees; (b) as to a claim for gender discrimination, Plaintiff has failed, even in her opposition affidavit, to allege facts plausibly suggesting an inference of gender discrimination (particularly given that one of the alleged similarly situated persons is a woman), and failed to exhaust her administrative remedies with regard to such a claim given that she did not pursue gender discrimination before the NYSDHR and EEOC and that claim is not reasonably related to the asserted claims of age and national origin discrimination; and (c) as to national origin discrimination, Plaintiff has failed, even in her opposition affidavit, to allege any facts plausibly suggesting an inference of discrimination (because she merely identified persons as "American" without an indication of how they are otherwise similarly situated), and has failed to allege any statements made by Defendant or its employees about her national origin or the national origin of similarly situated persons. (*Id.*)

## II. GOVERNING LEGAL STANDARDS

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a

6

plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal

pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the

four corners of the complaint may be considered without triggering the standard governing a

motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer,

(2) documents incorporated by reference in the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

any matter of which the court can take judicial notice for the factual background of the case.[4]

---

[4]     *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit
to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-
573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion
to dismiss for failure to state a claim to a motion for summary judgment is not necessary under
Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached
to the complaint or answer, [2] documents incorporated by reference in the complaint (and
provided by the parties), [3] documents that, although not incorporated by reference, are
"integral" to the complaint, or [4] any matter of which the court can take judicial notice for the
factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir.
2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6)
"may consider the facts alleged in the complaint, documents attached to the complaint as
exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is
not incorporated by reference, the court may neverless consider it where the complaint relies
heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . .
However, even if a document is 'integral' to the complaint, it must be clear on the record that no
dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that
there exist no material disputed issues of fact regarding the relevance of the document.")
[internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147,
152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as
an exhibit or any statements or documents incorporated in it by reference.") (internal quotation
marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72
(2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or
incorporate by reference a [document] upon which it solely relies and which is integral to the
complaint," the court may nevertheless take the document into consideration in deciding [a]
defendant's motion to dismiss, without converting the proceeding to one for summary
judgment.") (internal quotation marks and citation omitted).

## III.    ANALYSIS

### A.    Whether Plaintiff's Amended Complaint Should Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law.  (Dkt. No. 14, Attach. 5, at 5-7 [Def.'s Mem. of Law]; Dkt. No. 17, at 6 [Def.'s Reply Mem. of Law].)  To those reasons, the Court adds the following analysis.

As to Plaintiff's claims of age, gender and national origin discrimination, to establish a *prima facie* case of such discrimination under *McDonnell Douglas*, Plaintiff must show that (1) she is a member of a protected class, (2) she is competent to perform her job or performed her job satisfactorily, (3) there was an adverse employment action, and (4) the circumstances support an inference of discrimination.  *Kiley v. Am. Soc. for Prevention of Cruelty to Animals*, 296 F. App'x 107, 109 (2d Cir. 2008) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 [2002]); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (applying the Title VII *McDonnell-Douglas* framework to a claim for age discrimination under the ADEA). However, because the *prima facie* case under *McDonnell-Douglas* is an evidentiary standard and not a pleading requirement, "an employment discrimination plaintiff need not plead a *prima facie* case of discrimination" to survive a motion to dismiss but need only give the defendant fair notice of the plaintiff's claims and the grounds on which they rest (e.g., that she has been terminated on account of her national origin and age, and a detailed account of the events leading up to her termination, including the relevant dates and nationalities and ages of at least some of the relevant persons involved in the termination).  *Swierkiewicz*, 534 U.S. at 514-15.

As an initial matter, as to Plaintiff's claim of gender discrimination, the Court disagrees with Defendant regarding whether Plaintiff has exhausted this claim. Granted, it does not appear that Plaintiff explicitly asserted gender discrimination as a basis for relief in the complaint to the NYSDHR/EEOC. (Dkt. No. 14, Attach. 2, at 3-4 [asserting discrimination based on "my age and national origin" and stating only that she is a "45-year-old Chinese" without any reference to her gender].) However, the determination of the NYSDHR characterized Plaintiff's complaint as charging Defendant with "an unlawful discriminatory practice relating to employment because of age, national origin, sex, [and] opposed discrimination/retaliation." (Dkt. No. 14, Attach. 3, at 1.) The EEOC adopted the NYSDHR's findings. (Dkt. No. 14, Attach. 4, at 1.) This characterization of Plaintiff's complaint by the NYSDHR undermines Defendant's exhaustion argument.

That being said, the Court agrees with Defendant that there are multiple problems with the discrimination claims asserted in Plaintiff's Amended Complaint. First, Plaintiff has not plausibly pled that she is member of a protected class. She may not rely on her original Complaint in any way on this point because it has been superceded by her Amended Complaint in all respects. *See, e.g.*, N.D.N.Y. L.R. 7.1(a)(4). Moreover, nothing in the Amended Complaint identifies Plaintiff as being (a) over the age of 40, (b) of Chinese national origin, or (c) female; nor does anything in the Amended Complaint tie any of those attributes to her treatment by Defendant. (*See generally,* Dkt. No. 8 [Pl.'s Am. Compl.].) Nor does the Court find, as Plaintiff argues in her opposition affidavit, that the attachments to the Amended Complaint plausibly suggest discrimination based on age, gender, or national origin; rather, they are merely employee performance evaluations for Plaintiff and other employees, none of which

include any statements pertaining to age, gender, or national origin.  Notably, Plaintiff did not

attach the complaint she had previously filed with the NYSDHR/EEOC (in which she asserted

discrimination specifically based on age and national origin) to her Amended Complaint.  Even

affording Plaintiff special solicitude based on her *pro se* status, the Court finds that the Amended

Complaint does not plausibly allege that she is a member of a protected class.[5]

Additionally, the Court finds that Plaintiff has not alleged facts plausibly suggesting

circumstances supporting an inference of discrimination.  Plaintiff attached to her Amended

Complaint her own employment performance evaluations as well as evaluations of multiple

other employees.  However, these evaluations do not plausibly give rise to an inference of

discrimination based on membership to any protected class.  More specifically, the Amended

Complaint and its attachments do not allege any facts plausibly suggesting the age, gender, or

national origin of any of the other employees that Plaintiff alleges are similarly situated persons

for the purposes of disparate treatment.  Without factual allegations that Defendant otherwise

expressed or implied that the alleged discriminatory conduct was based on Plaintiff's age,

gender, or national origin, the Court cannot assess whether Plaintiff has plausibly raised an

inference of discrimination protected against by federal law.

The Court has also construed the Amended Complaint as asserting a claim of defamation

against a non-party.  *See, supra,* note 3 of this Decision and Order.  Even if the Court were to

construe this claim as somehow asserted against Defendant, the Court would find the claim not

---

[5]      The issue of whether factual allegations contained in Plaintiff's opposition
affidavit would remedy the deficiencies identified by the Court will be discussed below in Part
III.B. of this Decision and Order, which discusses whether the Court should grant Plaintiff leave
to amend the Amended Complaint.

actionable. To state a cause of action for defamation under New York law, "a plaintiff must allege that the defendant published a false statement, without privilege or authorization, to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se." *Rosner v. Amazon.com*, 18 N.Y.S.3d 155, 157 (N.Y. App. Div. 2d Dept. 2015). "A defamation action cannot be based on a statement of opinion," and "[a]s a general rule, statements by an employer about an employee's work performance are expressions of opinion." *Edsell v. Indep. Freightway, Inc.*, 94-CV-0227, 1995 WL 375827, at *4 (N.D.N.Y. June 16, 1995) (Pooler, J.) (citing *Miller v. Richman*, 592 N.Y.S.2d 201, 202-03 [N.Y. App. Div. 4th Dept. 1992]); *see also Chimarev v. TD Waterhouse Invs. Servs., Inc.*, 99 F. App'x 259, 263 (2d Cir. 2004) (finding a state law defamation claim to be futile because, "under New York law, 'an employer has the right, without judicial interference, to assess an employee's performance on the job,' so that negative internal assessments cannot support a claim for defamation"); *Wait v. Beck's N. Am., Inc.*, 241 F. Supp. 2d 172, 183 (N.D.N.Y. 2003) (Hurd, J.) (noting that, under New York law, "[s]tatements that someone has acted unprofessionally or unethically generally are constitutionally protected statements of opinion," and that "an evaluation of an employee's performance . . . constitutes a statement of non-actionable opinion") (citing cases); *Farrow v. O'Connor, Redd, Gollihue & Sklarin, LLP*, 857 N.Y.S.2d 235, 236 (N.Y. App. Div. 2d Dept. 2008) (affirming grant of summary judgment on a defamation claim where defendant established that the statement at issue was a "subjective characterization of the plaintiff's behavior and an evaluation of her job performance" and thus a "nonactionable expression of opinion").

Even construing the Amended Complaint with the utmost special leniency, Plaintiff's defamation claim rests entirely on statements made in her three- and six-month performance evaluations. Because statements made as an evaluation of an employee's performance are not actionable under New York law, the Court finds that Plaintiff has failed to state a claim for defamation upon which relief can be granted.

For all of the above reasons, the Court finds that Plaintiff has failed to state in the Amended Complaint any claim upon which relief can be granted. Because dismissing the Amended Complaint at this point would deprive the Court of a pending pleading over which the Court could exercise jurisdiction, the Court will, before dismissing the Amended Complaint, resolve Plaintiff's request to amend.

**B.      Whether Plaintiff Should Be Granted Leave to Amend**

After careful consideration, the Court answers this question in the affirmative as to Plaintiff's claims for age and national origin discrimination, but in the negative as to her claims for gender discrimination and defamation, for the following reasons.

As to Defendant's initial argument that Plaintiff's failure to include a proposed Second Amended Complaint is sufficient reason to deny Plaintiff's cross-motion to amend, this argument is well taken but the Court finds it would not be appropriate to rely on this reason in this circumstance. Setting aside Plaintiff's special status as a *pro se* civil rights litigant, her affidavit in opposition provides a sufficient indication of the type of amendments she would presumably make. Specifically, her affidavit adds factual allegations regarding (a) her age, (b) her gender, (c) her national origin, (d) her work performance, and (e) the names of, and additional information about, similarly situated persons whom Plaintiff alleges were treated more

favorably by Defendant than she was. (Dkt. No. 16, at 1-5 [Pl.'s Opp'n Aff.].) Because the Second Circuit requires district courts to construe factual allegations contained in a response to a motion to dismiss a *pro se* original complaint as effectively amending the *pro se* complaint, the Court would consider those factual allegations in determining whether Plaintiff's claims should be dismissed with or without prejudice, even though the pleading at issue is an amended complaint. As a result, the Court will not deny Plaintiff's cross-motion on this basis, but will assess whether, as Defendant also argues, any possible amendments to the Amended Complaint would be futile.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, justice does not require leave to amend in cases of "'[u]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment.'" *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 [1962]). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to [Fed. R. Civ. P.] 12(b)(6)." *Dougherty*, 282 F.3d at 88 (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 [2d Cir. 1991]). Even though the Court is "normally accommodating to motions for leave to amend *pro se* complaints," such amendments may be denied even as to *pro se* plaintiffs "'when amendment would be futile.'" *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009); *see also Rucano v. Koenigsmann*, 16-CV-0438, 2016 WL 6996144, at *7 (N.D.N.Y. Nov. 30, 2016) (D'Agostino, J.) (denying the *pro se* plaintiff's motion to amend as futile); *accord, Takamiya v. DNP Am., LLC*, 14-CV-10301, 2016

14

WL 4030861, at *3 (S.D.N.Y. July 25, 2016); *Pierre-Louis v. Martinez*, 12-CV-2240, 2014 WL 4161960, at *5 (E.D.N.Y. Aug. 19, 2014).

As discussed above, to survive a motion to dismiss, a plaintiff need not establish a *prima facie* case, but need only give the defendant fair notice of her claims and the grounds on which they rest (e.g., that she has been terminated on account of her national origin and age, and a detailed account of the events leading up to her termination, including the relevant dates and nationalities and ages of at least some of the relevant persons involved in the termination). *Swierkiewicz*, 534 U.S. at 514-15; *see e.g., Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (indicating that, at the motion to dismiss stage, a plaintiff "need only give plausible support to a minimal inference of discriminatory motivation").

As to Plaintiff's claim for age discrimination, Defendant argues that amendment would be futile because (a) Plaintiff has not provided the ages for the employees she alleges were treated more favorably than she was (indicating only that they are "younger"), and (b) Plaintiff has failed to allege any other facts to plausibly suggest a claim of age discrimination, "such as discriminatory comments about her age or that anyone at the [Department of Labor] engaged in overt discriminatory conduct towards her based on her age." (Dkt. No. 17, at 9-11 [Def.'s Reply Mem. of Law].) The Court finds that, based on the standard for pleading a claim of age discrimination under the ADEA, allowing Plaintiff the opportunity to amend the Amended Complaint to include allegations related to Plaintiff's own age and the ages of the co-workers she alleges were treated more favorably would not be futile, based on the available information. In particular, based on Plaintiff's assertion that these employees were all "younger" than she was, the Court finds that it is in the interest of justice to allow Plaintiff one *final* opportunity to

provide factual allegations plausibly suggesting the ages of the relevant persons, based on which the Court could determine whether Plaintiff has alleged a plausible claim of age discrimination. *See Swierkiewicz*, 534 U.S. at 514 (finding that the complaint satisfied the requirements of Fed. R. Civ. P. 8[a] as to claims of age and national origin discrimination where it detailed the events leading to the plaintiff's termination, included relevant dates, and included the ages and nationalities of at least some of the relevant involved persons).[6]

As to Defendant's argument that Plaintiff has not alleged any instances of discriminatory comments or overt discriminatory conduct related to her age, the Court finds that such specific allegations are not required to create a plausible inference that Plaintiff's termination was caused by age discrimination. *See Swierkiewicz*, 534 U.S. at 508-09 (finding that allegations as to the events leading to termination, the relevant dates, and the ages of similarly situated persons were sufficient to plausibly state a claim of age discrimination, with no indication that he relied on discriminatory statements or conduct related to the plaintiff's age); *McGuire-Welch v. House of the Good Shepard*, 219 F. Supp. 3d 330, 340 (N.D.N.Y. 2016) (Hurd, J.) ("Circumstances contributing to an inference of age-based employment discrimination *may* [but need not] include: invidious comments about people in the protected age class; more favorable treatment of younger employees; criticism of an employee's work performance in age-related degrading

---

[6]     Plaintiff is respectfully advised that, should Defendant move to dismiss her Second Amended Complaint, the Court will not consider any factual allegations contained in any response thereto as effectively amending her Second Amended Complaint. Setting aside the conspicuous omission of any such factual allegations from Plaintiff's Second Amended Complaint, the Court need not consider such factual allegations as effectively amending the already amended complaint. *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) *aff'd*, 357 F. App'x 388 (2d Cir. 2009) (collecting cases); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that denial of leave to amend is not abuse of discretion where the movant has repeatedly failed to cure deficiencies in pleading).

terms; a sequence of events leading to an employee's termination; or the timing of the termination.") (emphasis added); *cf. Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) ("An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.") (internal quotations omitted). Rather, Plaintiff's allegations that other, younger employees were given positive performance evaluations while she was given negative performance evaluations (along with her allegations that her performance was much better than what was reflected in those evaluations, on which she has elaborated in her opposition affidavit) would suffice to state a claim of age discrimination that could withstand a Fed. R. Civ. P. 12(b)(6) motion, provided she is able to include specific allegations as to the other employees' ages that supports an inference of age discrimination.[7] *Swierkiewicz*, 534 U.S. at 514. The Court warns Plaintiff, however, that any failure to provide factual allegations plausibly suggesting the ages of the identified co-workers will result in a future dismissal of Plaintiff's age discrimination claim for failure to state a claim upon which relief can be granted.

As to Plaintiff's claim for gender discrimination, Defendant argues that amendment would be futile because (a) she has failed to allege facts plausibly suggesting that she was

---

[7] The Court additionally finds that the attachments to the Amended Complaint (particularly a performance summary for Richard Deitz) combined with the allegations in Plaintiff's opposition affidavit serve to plausibly suggest that at least Richard Dietz and Kayla O'Hara were similarly situated to Plaintiff for the purposes of a Fed. R. Civ. P. 12(b)(6) motion; their alleged job responsibilities appear to be sufficiently similar to Plaintiff's alleged responsibilities to allow her to proceed with her relevant claims at this stage.

discriminated against based on her gender, and (b) she has failed to allege facts plausibly suggesting the existence of a similarly situated employee outside of her protected group who was treated more favorably than she was (noting in particular that one of the alleged similarly situated persons is, in fact, a woman).  (Dkt. No. 17, at 12-13 [Def.'s Reply Mem. of Law].) The Court finds that Plaintiff has not provided any factual allegations in her opposition affidavit from which the Court could reasonably infer Plaintiff's ability to state a plausible claim for gender discrimination.  As Defendant argues, Plaintiff has not offered any allegation or potential allegation of direct conduct (i.e., actions or words) that would give rise to an inference of discrimination based on gender.  As to her allegations of similarly situated employees, one of those employees was Kayla O'Hara, a female employee who Plaintiff alleges had all the same responsibilities that Plaintiff had before she was terminated; despite having the same supervisor and the same responsibilities, as Plaintiff alleges, "Kayla O'Hara was retained, while I was terminated."  (Dkt. No. 16, at 4 [Pl.'s Opp'n Aff.].)  Given that Plaintiff has now specifically alleged in her opposition affidavit that her gender is also female, the fact that Ms. O'Hara (who appears to be a similarly situated person to Plaintiff based on Plaintiff's own allegations) was not terminated undercuts Plaintiff's argument that she was terminated as the result of gender discrimination.  *See Inguanzo v. Housing & Servs., Inc.*, 621 F. App'x 91, 92 (2d Cir. 2015) (finding that the fact that the plaintiff's replacement was of the same race and gender as the plaintiff undermined her race and gender discrimination claims); *Zito v. Fried, Frank, Harris, Shriver & Jacobson, LLP*, 869 F. Supp. 2d 378, 395 (S.D.N.Y. 2012) (finding no inference of age or gender discrimination where the retained supervisory employees and the sole decision-maker in the plaintiff's termination were within the same protected classes as the plaintiff).

Consequently, the Court finds that, based on the factual allegations available, allowing Plaintiff to amend the Amended Complaint as to her claim for gender discrimination would be futile.

As to Plaintiff's claim for national origin discrimination, Defendant argues that amendment would be futile because (a) her indication that alleged similarly situated persons are "American" is not sufficient and she has failed to allege how those persons are otherwise similarly situated to her, (b) she failed to allege any facts as to statements made about her national origin or the national origin of other employees from which an inference of discrimination could be made, and (c) she has failed to allege any facts other than her own subjective belief that she was discriminated against based on her national origin. (Dkt. No. 17, at 15-17 [Def.'s Reply Mem. of Law].) Contrary to Defendant's first argument, the Court finds that Plaintiff's allegation that three identified co-workers who received positive performance evaluations were all "American" is sufficient to plausibly suggest that those persons were outside of her protected group (i.e., Chinese). The Supreme Court has defined "national origin" as "the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 88 (1973). Various courts have recognized that "American" can be a national origin for the purposes of assessing national origin discrimination under Title VII.[8] Because Plaintiff has alleged that she is "of Chinese origin,"

---

[8]     *See Brown v. Daikin Am. Inc.*, 756 F.3d 219, 223 (2d Cir. 2014) (finding that the plaintiff "who is white and of United States national origin" was a member of a protected class for the purpose of race and national origin discrimination claims, and that the plaintiff had stated plausible claims of discrimination based on treatment compared to similarly situated employees of Japanese national origin); *Shah v. Wilco Sys., Inc.*, 76 F. App'x 383, 385 (2d Cir. 2003) (finding that the plaintiff's national origin was Indian rather than American but appearing to recognize that "American" is a national origin in the appropriate circumstances); *Tippie v. Spacelabes Med., Inc.*, 180 F. App'x. 51, 55 (11th Cir. 2006) (finding that the American female plaintiff had met her burden of demonstrating a *prima facie* case of national origin and gender

rather than American, she has plausibly alleged that she is of a different national origin than her allegedly American coworkers. *See Douglas v. Eaton Corp.*, 577 F. App'x 520, 526 (6th Cir. 2014) (finding that the plaintiff has not presented evidence suggesting that the defendant fired her because she was American and not Chinese, but implicitly recognizing that American and Chinese were separate national origins for the purpose of national origin discrimination claims); *Venugopal v. Shire Labs., Inc.*, 134 F. App'x. 627, 627 (4th Cir. 2005) (recognizing that "American" is a national origin and differentiating between two job candidates who were of Chinese national origin and of American national origin).

Additionally, even if Plaintiff has not provided specific information as to some of those persons, she does specifically allege in her opposition affidavit that Ms. O'Hara was (a) supervised by the same supervisor for whom Plaintiff had worked, and (b) had all the same responsibilities that Plaintiff had when employed with Defendant. (Dkt. No. 16, at 4 [Pl.'s Opp'n Aff.].) Such allegations are sufficient for the purposes of Fed. R. Civ. P. 8 to plausibly suggest that a similarly situated employee of a different national origin was treated more favorably than was Plaintiff. *See Brown v. Daikin Am. Inc.*, 756 F.3d 219, 229 (2d Cir. 2014) (stating that "[a] plaintiff may demonstrate circumstances giving rise to an inference of discrimination by alleging that he was treated less favorably than similarly situated employees of other races or national origins," and that "[o]rdinarily, whether two employees are similarly situated . . . presents a question of fact, rather than a legal question to be resolved on a motion to

---

discrimination by showing that the person who was offered the relevant position was not American or female); *Pickens v. Shell Tech. Ventures, Inc.*, 118 F. App'x 842 (5th Cir. 2004) (accepting American as a national origin in case where Americans alleged national origin discrimination by European supervisors).

dismiss")  As a result, the Court finds that Plaintiff's opposition affidavit has provided sufficient indication that she could potentially allege facts that give sufficient notice to Defendant of her claim of national origin discrimination, and she should therefore be permitted an opportunity to amend the Amended Complaint as to that claim.

Finally, as to Plaintiff's claim for defamation, the Court finds that any amendment would be futile, because the law cited above indicates that there is no amendment that could allow Plaintiff to state all of the elements of that cause of action; without any actionable statements, Plaintiff cannot plausibly state a claim for defamation.  Consequently, an opportunity to amend the Amended Complaint as to this claim would be futile and will not be allowed.

For all of the above reasons, the Court grants Plaintiff's request to amend her Amended Complaint as to her claims for age discrimination under the ADEA and for national origin discrimination under Title VII, but denies that request as to her claims for gender discrimination under Title VII and for defamation under New York law.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 14) is conditionally **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff's cross-motion to amend her Amended Complaint (Dkt. No. 16) is **<u>GRANTED</u> in part** as to her claims for age and national origin discrimination, but **<u>DENIED</u> in part** as to her claims for gender discrimination and defamation; and it is further

**ORDERED** that Plaintiff's Amended Complaint shall be **DISMISSED with prejudice** and without further order of this Court **UNLESS**, within **THIRTY (30) DAYS** from the date of this Decision and Order, she files a Second Amended Complaint correcting the pleading defects as identified above in this Decision and Order; and it is further

**ORDERED** that any Second Amended Complaint that Plaintiff chooses to file shall be a complete pleading, which will supercede her Amended Complaint in all respects, and may not incorporate any portion of her Amended Complaint by reference, in accordance with Local Rule 7.1(a)(4) of the District's Local Rules of Practice;[9] and it is further

**ORDERED** that any Second Amended Complaint that Plaintiff chooses to file shall not attempt to assert any claims that were previously dismissed with prejudice in this action; and it is further

**ORDERED** that nothing in this Decision and Order shall preclude Defendant from again moving to dismiss the remaining claims in this action for failure to state a claim to the extent that Defendant can demonstrate that Plaintiff has, in re-pleading those claims, failed to comply with the Decision and Order.

Dated: July 1, 2019
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[9]     Plaintiff is respectfully advised to, in her Second Amended Complaint, repeat the relevant factual allegations in both her Amended Complaint and opposition affidavit, and to number the paragraphs of her Second Amended Complaint in accordance with Fed. R. Civ. P. 10(b), so that Defendant may respond to them.