UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WEILI CAO-BOSSA,

                            Plaintiff,

v.                                                                     1:18-CV-0509
                                                                                  (GTS/TWD)

NEW YORK STATE DEP'T OF LABOR,

                            Defendant.
_____

APPEARANCES:                                                               OF COUNSEL:

WEILI CAO-BOSSA
  Plaintiff, *Pro Se*
1912 East Country Club Drive
Schenectady, New York 12309

HON. LETITIA A. JAMES                                       AIMEE COWAN, ESQ.
Attorney General for the State of New York
  Counsel for Defendant
Syracuse Regional Office
300 South State Street
Syracuse, New York 13202

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this employment discrimination action filed by Weili Cao-Bossa ("Plaintiff") against the New York State Department of Labor ("Defendant"), is Plaintiff's motion for relief from judgment. (Dkt. No. 79.) After carefully considering the matter, the Court denies the motion for the reason stated in Defendant's opposition memorandum of law: each of the four factors to be considered on a motion for relief of judgment based on excusable neglect weighs in favor of denial. (Dkt. No. 80, at 7-12.) To those reasons, the Court adds the following

analysis (which is intended to supplement and not supplant Defendant's reasoning).

Liberally construed, Plaintiff's motion argues that she should be relieved of the Court's Decision and Order of August 19, 2021 (Dkt. No. 77 [granting Defendant's motion for summary judgment]) because her delay in submitting a complete response to Defendant's motion for summary judgment had been caused by excusable neglect or mistake, specifically, her reasonable misunderstanding (based in part on an oral conversation with a member of the Court's Clerk's Office in Albany) that her filing on June 14, 2021 (Dkt. No. 67), however docketed, could serve as a request for an extension of the deadline by which to more-fully respond to Defendant's motion, should the Court reject her initial response to that motion (which was based on a purported page-limit violation).[1]

The Court rejects this argument for each of two alternative reasons.  First, any idea that Plaintiff genuinely believed when leaving the Clerk's Office on June 14, 2021, that she had actually complied with the Court's Text Order of April 19, 2021 (Dkt. No. 64 [setting the twice-extended response deadline as the end of June 21, 2021]) is frankly incredible.[2]  Plaintiff's

---

[1] The Court notes that, before June 14, 2021, it had granted Plaintiff *two* 60-day extensions of the response deadline.  (Dkt. No. 61, 64.)  In granting the second extension, the Court cautioned Plaintiff that "this shall be the last extension granted unless she can provide sufficient documentary evidence that another extension is warranted due to her medical issues." (Dkt. No. 64.)  However, Plaintiff never requested a third extension, despite clearly knowing how to do so.  (*Compare* Docket Sheet Entries filed between April 19, 2021, and June 14, 2021 [containing no extension requests] *with* Dkt. Nos. 60 and 63 [containing extension requests].)  Of course, "solicitude for pro se litigants does not require us to excuse failure to comply with understandable . . . mandatory deadlines." *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021).

[2] For the sake of brevity, the Court will not linger on clear notice of the response deadline and consequences of failing to respond that Plaintiff had received before June 14, 2021. (Dkt. No. 58, Docket Sheet Entry [containing response deadline]; Dkt. No. 58, Attach. 2 [containing consequences]; Dkt. No. 59 [containing motion response deadline and consequences]; Dkt. No. 61 [containing response deadline]; Text Notice filed April 15, 2021 [containing response deadline]; Dkt. No. 64 [containing response deadline and warning regarding further extensions]; cf. Dkt. No. 4 [acknowledging receipt of courtesy copy of the District's *Pro*

response itself expressly asked for the denial of Defendant's motion *solely* because its supporting memorandum of law had exceeded the page limit; Plaintiff's response never asked for leave to submit a further response (or even mentioned a further response) should the Court reject Plaintiff's threshold argument for denial. (Dkt. No. 67.)[3]  Moreover, Plaintiff has never adduced an affidavit swearing that some member of the Clerk's Office orally advised her that a piecemeal response would be acceptable to the Court. (*See generally* Dkt. No. 79, Attach. 1 [containing no such assertion].)  Simply stated, the Court finds that Plaintiff was (on June 14, 2021) disingenuously attempting to circumvent the Court's twice-extended response deadline.

Second, even if the Court were to find that Plaintiff had been acting in good faith on June 14, 2021, the Court would deny her motion based on the immateriality of the alleged abuse of discretion by the Court.  More specifically, Plaintiff has failed to identify what record evidence (if any) she would have adduced that was different from the considerable record evidence adduced by Defendant (*see* Dkt. No. 58, Attach. 4-58 [attaching 332 pages of record evidence]), and she has failed to identify what declaration testimony should would have adduced that was

---

*Se* Handbook and Local Rules of Practice].)  Nor will the Court linger on the extent to which Plaintiff is asking the Court to disregard the law-of-the-case doctrine by reconsidering arguments that it has already carefully considered and rejected. (Dkt. Nos. 74; Dkt. No. 76; Dkt. No. 77, at 25-28.)  Nor will the Court linger on the extent to which Plaintiff is asking the Court (and its Clerk's Office) to essentially repeat on the docket sheet the nonsensical label that Plaintiff had attached to her filing of June 14, 2021. (Dkt. No. 67 [labeled "Motion to Denial [sic] Defendant's Memorandum of Law in Support of Summary Judgment"].)  *See Mojica v. Murphy*, 17-CV-0324, 2020 WL 1149922, at *11 n.14 (N.D.N.Y. Jan. 23, 2020) (Suddaby, C.J.) ("The denial of an opponent's motion is not an appropriate request for relief in a motion under Fed. R. Civ. P. 7(b) because such a denial may be obtained through merely successfully resisting the opponent's motion.") (internal quotation marks omitted).

[3]      The Court notes that it was not until four days after the expiration of the response deadline of June 21, 2021, that Plaintiff first indicated she would file a more-complete response to Defendant's motion, should the Court reject her initial response to it. (Dkt. No. 69 [filed June 25, 2021].)

different from the testimony contained in her deposition transcript (*see* Dkt. No. 58, Attach. 15 [attaching 137-page deposition transcript]).[4] In addition, the Court ensured that each of Defendant's factual assertions was supported by admissible record evidence (and not controverted by obvious other record evidence, which included her deposition transcript in its entirety). Finally, the Court subjected Defendant's legal arguments to the close scrutiny appropriate on a contested motion. (Dkt. No. 77, at 18-22, 28-40.)

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for relief from judgment (Dkt. No. 79) is **DENIED**.

The Court certifies that neither an appeal from this Order nor an appeal from the Court's Decision and Order of August 19, 2021 (Dkt. No. 77) would be taken in good faith.

Dated: November 16, 2021
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[4] The Court notes that Plaintiff had the opportunity to indicate this evidence when she filed response, sur-reply and supplemental sur-reply to Defendant's motion (not to mention when she filed her current motion). (Dkt. Nos. 67, 69, 71.)